48

tempts as regards murder, treason or aggravated kidnapping and "other forcible felony." In the latter category, the sentence for attempt shall not exceed the sentence for a Class 3 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c).) We believe that rape comes within the definition of a "forcible felony" so that the possible range of sentences as to these defendants for attempt rape is from one to ten years in the penitentiary. (See Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b) and (c). See also the supplemental opinion in *People v. Dudley*, 15 Ill.App.3d 18, 303 N.E.2d 24.) In this situation, the minimum term may not be greater than one third of the maximum set by the court. Both maximum sentences for attempt rape exceeded the permissible maximum. Therefore, each of the maximum sentences for attempt rape is reduced to ten years and the minimums are each reduce to one third of the maximum or three years and four months, to run concurrently with the sentences for murder which are both affirmed.

Judgments appealed from and sentences for murder affirmed. Sentences for attempt rape modified.

BURKE and HALLETT, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE WILSON, Defendant-Appellant.

(No. 58762; ▉▉▉▉▉▉▉

First District (1st Division)—January 7, 1974.

PER CURIAM.
EGAN, P. J., took no part.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.